1

2

3

4                    **UNITED STATES DISTRICT COURT**

5                        **DISTRICT OF NEVADA**

6

7   JONATHAN COHAN,                       )

8                Plaintiff,               )        Case No. 2:13-cv-00975-LDG-CWH

9   vs.                                   )        **ORDER**

10  PROVIDENT LIFE AND ACCIDENT           )
    INSURANCE COMPANY, *et al*.,          )

11                                        )

12               Defendants.              )
    _____)

13          This matter is before the Court on Plaintiff's Motion for Leave to File Exhibits Under Seal

14  (#34), filed on November 27, 2013, Defendants Motion for Leave to File Documents Under Seal

15  (#41), filed on December 18, 2013, and Plaintiff's Motion for Leave to File Reply Brief and Exhibit

16  Under Seal (#46), filed on December 26, 2013.  No responses were received for any of the three

17  motions.

18                                  **DISCUSSION**

19  **I.     Sealing Standard**

20          Fed. R. Civ. P. 26(c) permits the court in which an action is pending to "make any order

21  which justice requires to protect the party or person from annoyance, embarrassment, oppression or

22  undue burden or expense" upon motion by a party or a person from whom discovery is sought.  The

23  burden of persuasion under Fed. R. Civ. P. 26(c) is on the party seeking the protective order.

24  *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986).  To meet that burden of

25  persuasion, the party seeking the protective order must show good cause by demonstrating a

26  particular need for the protection sought.  *Beckman Indus., Inc., v. Int'l. Ins. Co.*, 966 F.2d 470, 476

27  (9th Cir. 1992).  Rule 26(c) requires more than "broad allegations of harm, unsubstantiated by

28  specific examples or articulated reasoning."  *Id., citing Cipollone v. Liggett*.  "A party asserting

    good cause bears the burden, for each particular document it seeks to protect, of showing that

1    prejudice or harm will result if no protective order is granted." *Foltz v. State Farm*, 331 F.3d 1122,

2    1130 (9th Cir. 2003), *citing San Jose Mercury News, Inc., v. District Court*, 187 F.3d 1096, 1102

3    (9th Cir. 1999).

4         In *Seattle Times Co. v. Rhinehart*, the Supreme Court interpreted the language of Fed. R.

5    Civ. P. 26(c) conferring "broad discretion on the trial court to decide when a protective order is

6    appropriate and what degree of protection is required." 467 U.S. 20, 36 (1984). The Supreme Court

7    acknowledged that the "trial court is in the best position to weigh fairly the competing needs and

8    interests of the parties affected by discovery. The unique character of the discovery process requires

9    that the trial court have substantial latitude to fashion protective orders." *Id.* Although the trial

10   court has broad discretion in fashioning protective orders, the Supreme Court has also recognized "a

11   general right to inspect and copy public records and documents, including judicial records and

12   documents." *Nixon v. Warner Communications*, 435 U.S. 589, 597 (1978). However, the common

13   law right to inspect and copy judicial records is not absolute. *Id.* Thus, the Supreme Court

14   concluded, "[e]very court has supervisory power of its own records and files, and access has been

15   denied where the court files might have become a vehicle for improper purposes." *Id.*

16         **A.     The Presumption of Public Access**

17         Unless court records are of the type "traditionally kept secret" the Ninth Circuit recognizes a

18   "strong presumption in favor of access." *Foltz v. State Farm Mutual Auto Insurance Company*, 331

19   F.3d 1122, 1135 (citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). Grand jury

20   transcripts and warrant materials involved in pre-indictment investigations are two categories of

21   documents and records which have "traditionally been kept secret for important policy reasons."

22   *Times Mirror Co. v. United States*, 873 F.2d 1210, 1219 (9th Cir. 1989). Although the federal

23   common law right of access exists, it "does not mandate disclosure in all cases." *San Jose Mercury*

24   *News, Inc.*, 187 F.3d at 1102. The strong presumption in favor of public access recognized by the

25   Ninth Circuit "can be overcome by sufficiently important countervailing interests." *Id.*

26         **1.     Pretrial Discovery**

27         In the Ninth Circuit, "[i]t is well-established that the fruits of pretrial discovery are, in the

28   absence of a court order to the contrary, presumptively public." *San Jose Mercury News v. United*

2

1   *States District Court*, 187 F.3d 1096, 1103 (9th Cir. 1999).  Thus, the Ninth Circuit concluded,

2   "[g]enerally, the public can gain access to litigation documents and information produced during

3   discovery unless the party opposing disclosure shows 'good cause' why a protective order is

4   necessary." *Phillips v. General Motors*, 307 F.3d 1206, 1210 (9th Cir. 2002).  "For good cause to

5   exist, the party seeking protection bears the burden of showing specific prejudice or harm will result

6   if no protective order is granted." *Id.* at 1210-11.  Or, as the Ninth Circuit articulated the standard in

7   *Foltz*, "[t]he burden is on the party requesting a protective order to demonstrate that (1) the material

8   in question is a trade secret or other confidential information within the scope of Rule 26(c) and (2)

9   disclosure would cause an identifiable, significant harm." *Foltz* at 1131, quoting *Deford v. Schmid*

10  *Prods. Co.*, 120 F.R.D. 648, 653 (D. Md. 1987).  "If a court finds particularized harm will result

11  from disclosure of information to the public, then it balances the public and private interests to

12  decide whether a protective order is necessary." *Id.* at 1211 (citing *Glenmede Trust Co. v.*

13  *Thompson*, 56 F.3d 476, 483 (3d Cir. 1995)).

14                          **2.      Sealed Discovery Documents**

15          In *Phillips*, the Ninth Circuit carved out an exception to the presumption of public access,

16  holding that the presumption does not apply to materials filed with the court under seal subject to a

17  valid protective order.  307 F.3d at 1213.  The *Phillips* decision relied on the *Seattle Times* decision

18  in concluding that protective orders restricting disclosure of discovery materials which are not

19  admitted in evidence do not violate the public right of access to traditionally public sources of

20  information.  *Id.* at 1213 (*quoting, Seattle Times,* 467 U.S. at 33.  The Ninth Circuit reasoned that

21  the presumption of public access was rebutted because a district court had already determined that

22  good cause existed to protect the information from public disclosure by balancing the need for

23  discovery against the need for confidentiality in issuing the protective order.  *Id.*  Therefore, "when a

24  party attaches a sealed discovery document to a non-dispositive motion, the usual presumption of

25  the public's right of access is rebutted."

26                          **3.      Materials Attached to Dispositive Motions**

27          The Ninth Circuit comprehensively examined the presumption of public access to judicial

28  files and records in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006).

                                                3

1   There, the court recognized that different interests are at stake in preserving the secrecy of materials

2   produced during discovery and materials attached to dispositive motions. Citing *Phillips* and *Foltz*,

3   the *Kamakana* decision reiterated that a protective order issued under the Rule 26(c) may be issued

4   once a particularized showing of good cause exists for preserving the secrecy of discovery materials.

5   "Rule 26(c) gives the district court much flexibility in balancing and protecting the interests of

6   private parties." 447 F.3d at 1180.

7         The *Kamakana* court, therefore, held that a "good cause" showing is sufficient to seal

8   documents produced in discovery. *Id.* However, the *Kamakana* decision also held that a showing

9   of "compelling reasons" is needed to support the secrecy of documents attached to dispositive

10  motions. A showing of "good cause" does not, without more, satisfy the "compelling reasons" test

11  required to maintain the secrecy of documents attached to dispositive motions. *Id.* The court found

12  that:

13        Different interests are at stake with the right of access than with
          Rule 26(c); with the former, the private interests of the litigants are
14        not the only weights on the scale. Unlike private materials unearthed
          during discovery, judicial records are public documents almost by
15        definition, and the public is entitled to access by default. (Citation
          omitted). This fact sharply tips the balance in favor of production
16        when a document formally sealed for good cause under Rule 26(c)
          becomes part of the judicial record. Thus, a "good cause" showing
17        alone will not suffice to fulfill the "compelling reasons" standard that
          a party must meet to rebut the presumption of access to dispositive
18        pleadings and attachments.

19  *Id. Kamakana* recognized that "compelling reasons" sufficient to outweigh the public's interests in

20  disclosure and justify sealing records exist when court records may be used to gratify private spite,

21  permit public scandal, circulate libelous statements, or release trade secrets. *Id.* at 1179 (internal

22  quotations omitted). However, "[t]he mere fact that the production of records may lead to a

23  litigant's embarrassment, incrimination, or exposure to further litigation will not, without more,

24  compel the court to seal its records." *Id.*, *citing*, *Foltz*, 331 F.3d at 1136. To justify sealing

25  documents attached to dispositive motions, a party is required to present articulable facts identifying

26  the interests favoring continuing secrecy *and* show that these specific interests overcome the

27  presumption of public access by outweighing the public's interests in understanding the judicial

28  process. *Id.* at 1181 (internal citations and quotations omitted).

4

## II.    Motions to Seal

In all three motions, Plaintiff and Defendants request that specific exhibits be sealed because they are "internal documents produced in discovery in accordance with a confidentiality designation."  Pla's Mot. #34, 2; Defs' Mot. #41, 2; Pla's Mot. #46, 2.  It appears as though the parties may be conducting discovery under an informal protective order agreement.  However, no stipulated protective order has been submitted and approved by the Court.  Therefore, the Court will order the parties to submit a stipulated protective order for its review to govern the exchange of discovery in this action.

Additionally, the parties failed to articulate s particularized good cause reason that would justify sealing the documents at issue.  No explanation is provided regarding how the documents are confidential to support the request to seal.  Additionally, the parties failed to cite any authority as required by Local Rule 7-2.  Consequently, the Court is unable to undertake an individualized review of each of the documents that the parties request be sealed in accordance with the standard articulated above.  The Court finds that the parties have failed to carry their burden under *Kamakana's* good cause standard and the Court will deny their requests to seal without prejudice.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File Exhibits Under Seal (#34) is **denied without prejudice**.

**IT IS FURTHER ORDERED** that Defendants Motion for Leave to File Documents Under Seal (#41) is **denied without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Reply Brief and Exhibit Under Seal (#46) is **denied without prejudice**.

**IT IS FURTHER ORDERED** that the parties shall submit a Stipulated Protective Order by close of business on **January 30, 2014.**

DATED this 21st day of January, 2014.

**C.W. Hoffman, Jr.**
**United States Magistrate Judge**