1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

JONATHAN COHAN,                                    )
                                                   )
            Plaintiff,                             )        Case No. 2:13-cv-00975-LDG-CWH
                                                   )
vs.                                                )        **ORDER**
                                                   )
PROVIDENT LIFE AND ACCIDENT                        )
INSURANCE COMPANY, *et al*.,                       )
                                                   )
            Defendants.                            )
_____                )

This matter is before the Court on Plaintiff's Renewed Motion to File Documents Under Seal (#63), filed on February 4, 2014. The Court also considered Defendants' Response (#67), filed on February 5, 2014.

## BACKGROUND

On January 21, 2014, the Court denied without prejudice Plaintiff's Motions to Seal (#34) and (#46). In doing so, the Court noted that Plaintiff failed to meet his burden to demonstrate that the requested documents should be filed under seal. *See* Order #47. On January 30, 2014, the Court approved the parties' proposed Protective Order (#51) and again reminded the parties that they must file a motion that complies with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) in order to file a confidential document under seal. On January 30, 2014, Plaintiff filed a Statement (#55) and Declaration (#56) that the Court construed as a letter rather than a motion and struck pursuant to Federal Rule of Civil Procedure 7 on January 31, 2014. *See* Order #60. Additionally, all documents that were filed under seal without court approval were unsealed on January 31, 2014. On February 4, 2014, Plaintiff filed a Renewed Motion to Seal (#63) that is currently before the Court. Plaintiff contends that the identified documents should be sealed because they are subject to other courts' protective orders and a confidential settlement agreement. In response, Defendants contend that the identified documents were never submitted to

1    the Court or never reviewed by the Court as part of its Motion to Compel hearing and order on

2    January 27, 2014.  However, Defendants indicate that they could provide appropriate declarations

3    for why the documents should be sealed within two weeks.

4                                              **DISCUSSION**

5            The Ninth Circuit comprehensively examined the presumption of public access to judicial

6    files and records in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006).

7    There, the Court recognized that different interests are at stake in preserving the secrecy of materials

8    produced during discovery and materials attached to dispositive motions.  The *Kamakana* decision

9    reiterated that a protective order issued under Rule 26(c) may be issued once a particularized

10   showing of good cause exists for preserving the secrecy of discovery materials.  447 F.3d at 1180.

11   However, the Court found that a showing of "compelling reasons" is needed to support the secrecy

12   of documents attached to dispositive motions.  A showing of "good cause" does not, without more,

13   satisfy the "compelling reasons" test required to maintain the secrecy of documents attached to

14   dispositive motions.  *Id.*  Here, the documents that Plaintiffs requests be sealed are subject to the

15   good cause standard as they are attached to a discovery motion.

16           In the Ninth Circuit, "[i]t is well-established that the fruits of pretrial discovery are, in the

17   absence of a court order to the contrary, presumptively public."  *San Jose Mercury News v. United*

18   *States District Court*, 187 F.3d 1096, 1103 (9th Cir. 1999).  Thus, the Ninth Circuit concluded,

19   "[g]enerally, the public can gain access to litigation documents and information produced during

20   discovery unless the party opposing disclosure shows 'good cause' why a protective order is

21   necessary."  *Phillips v. General Motors*, 307 F.3d 1206, 1210 (9th Cir. 2002).  "For good cause to

22   exist, the party seeking protection bears the burden of showing specific prejudice or harm will result

23   if no protective order is granted."  *Id.* at 1210-11.  Or, as the Ninth Circuit articulated the standard in

24   *Foltz*, "[t]he burden is on the party requesting a protective order to demonstrate that (1) the material

25   in question is a trade secret or other confidential information within the scope of Rule 26(c) and (2)

26   disclosure would cause an identifiable, significant harm."  *Foltz* at 1131, quoting *Deford v. Schmid*

27   *Prods. Co.*, 120 F.R.D. 648, 653 (D. Md. 1987).  "If a court finds particularized harm will result

28   from disclosure of information to the public, then it balances the public and private interests to

                                                     2

1    decide whether a protective order is necessary." *Id.* at 1211 (citing *Glenmede Trust Co. v.*
2    *Thompson*, 56 F.3d 476, 483 (3d Cir. 1995)).

3         The Court finds that Plaintiff has met the good cause standard to seal the identified
4    documents.  Plaintiff requests to file documents under seal because they are documents acquired
5    from Defendant Unum in discovery and are subject to other courts' protective orders.  Additionally,
6    Plaintiff represents that his continued use of the documents are subject to a confidential settlement
7    agreement.  Plaintiff's first Motions to Seal (#34) and (#46) merely concluded that the documents
8    were confidential and did not provide any explanation or authority for why they should be sealed in
9    this case.  In contrast, Plaintiff's Declaration (#65) provides a particularized showing of good cause
10   exists for preserving the secrecy of discovery materials in this case.  Additionally, a protective order
11   has been implemented to govern the exchange of discovery in this case subsequent to the first
12   motions to seal.  *See* Order #52.  Plaintiff attempts to pass the burden of demonstrating that these
13   documents should be filed under seal to Defendants.  However, despite the fact that the documents
14   appear to have originated from Defendants, they are documents that Plaintiff utilized in support of
15   his position.  Further, Plaintiff appears to be bound by other court orders and a settlement agreement
16   to keep the documents from being disclosed to the public.  Therefore, Plaintiff carries the burden of
17   demonstrating good cause to seal the documents and the Court finds that he has met his burden.

18        Moreover, Defendants' response does not raise a substantive objection to sealing the
19   documents.  Instead, Defendants appear to misunderstand how these documents were filed and used
20   in this case.  These documents were filed under seal along with a motion to seal as part of the
21   briefing for the Motion to Compel (#31).  Accordingly, the Court reviewed the briefing for the
22   hearing on the motion to compel, which included Plaintiff's Exhibits and Reply that are at issue
23   presently.  Additionally, all documents that were filed under seal without court approval were
24   unsealed on January 31, 2014.  Defendants request more time to submit sufficient support to seal the
25   identified documents.  However, the Court finds that more time and additional briefing is
26   unnecessary as there is good cause to seal the documents based on Plaintiff's Renewed Motion to
27   Seal (#(63) and Declaration (#65).  Therefore, the Court finds that Plaintiff has met *Kamakana's*
28   good cause standard and the Court will grant his request to seal.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** Plaintiff's Renewed Motion to File Documents Under Seal (#63) is **granted**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall seal docket entries #34 and #44, which include the following documents:

- #34: #1 Exhibit 4, #2 Exhibit 5, #3 Exhibit 7, #5 Exhibit 9, #6 Exhibit 10, #7 Exhibit 11, #8 Exhibit 18, #9 Exhibit 19, #10 Exhibit 20, #11 Exhibit 25, #12 Exhibit 26
- #44: Plaintiff's Reply and Attachment #1 Exhibit #44

DATED this 6th day of February, 2014.

**C.W. Hoffman, Jr.**
**United States Magistrate Judge**

4