1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JONATHAN COHAN,                                           )
                                                         )          Case No.  2:13-cv-00975-LDG-CWH
                    Plaintiff,                            )
vs.                                                      )          **ORDER**
                                                         )
PROVIDENT LIFE AND ACCIDENT                              )
INSURANCE COMPANY, *et al.*,                             )
                                                         )
                    Defendants.                          )
_____)

This matter is before the Court on Defendants' Emergency Motion for Enlargement of Time (#111), filed August 13, 2014.  Upon filing, the Court granted the request that the motion be considered on an emergency basis and shortened the time for briefing.  Plaintiff filed his response (#113) on August 20, 2014.  Defendants' reply (#115) was filed on August 25, 2014.

**BACKGROUND**

The motion is straightforward.  Defendants seek an additional three hours to depose Plaintiff under Fed. R. Civ. P. 30(d).  It is uncontested that the parties agreed to take Plaintiff's deposition in multiple sessions.  The first session went forward on or about November 20, 2013, and lasted for approximately five hours and 48 minutes.  At the conclusion of the first session, the parties agreed that the remainder of the deposition would take place on another date.  After the first session, Plaintiff's counsel informed Defendants' counsel that review of Plaintiff's email account disclosed approximately 100,000 emails, which comprised approximately 27 GB of data. Defendants indicate in their motion that "Plaintiff never mentioned the existence of these e-mails at any time prior to, or during, his deposition."  *See* Defs' Mot. (#111) at 4:8-9.  Ultimately, Defendants agreed to pay for a third-party vendor to review the emails for responsiveness and

1    privilege subject to protocol agreed upon by the parties.  At a cost of over $83,000, the review of

2    the disclosed emails yielded approximately 19,000 responsive emails comprising 57,177 pages.

3    The documents were initially provided by the third-party vendor to Plaintiff's counsel for review.

4    In July 2014, Plaintiff elected to produce the entirety of the emails to Defendants subject to agreed

5    upon conditions.  Review of the emails was completed on July 27, 2014, and, according to

6    Defendants, a "host of new questions concerning Plaintiff's claims" arise as a result of the

7    disclosure.  Consequently, they request an additional three hours on top of the remaining one hour

8    and 12 minutes to conduct the second session of Plaintiff's deposition.

9            Characterizing the motion as an attempt to "manipulate the discovery rules to circumvent

10   the presumptive seven-hour deposition limit[,]" Plaintiff asks that the second session of the

11   deposition be limited to the one and 12 minutes that remain.  Plaintiff does not dispute that the

12   parties agreed to conduct the deposition over multiple session on multiple dates, but argues that the

13   requested extension should be denied because it is not justified under Rule 26(b)(2).  Specifically,

14   Plaintiff's counsel points to an email communication to Defendants' counsel before the first

15   session of the deposition indicating that there were likely additional emails that may be relevant in

16   Plaintiff's deposition (see Pl's Resp. (#113) 3:7-20; Exhibit 1) demonstrating that Plaintiff did

17   know about the existence of emails prior to the first session of the deposition.  Thus, Plaintiff

18   argues, the decision to go forward without the undisclosed emails was made by Defendant with full

19   knowledge that there may be additional material that may be relevant to the deposition.  Plaintiff

20   further argues that the additional emails did not reveal any new information that would justify the

21   additional time.  To the extent the motion is not denied, Plaintiff requests that Defendant be

22   ordered not to duplicate the same material or questions that were subjects during the first

23   deposition session and that any time beyond seven hours be counted against the 10 deposition limit

24   set forth in Rule 30.

25                                              **DISCUSSION**

26       Federal Rule of Civil Procedure 30(d)(1) provides that "[u]nless otherwise stipulated or

27   ordered by the court, a deposition is limited to 1 day of 7 hours."  Analysis begins with the

28   presumption that extensions to the seven-hour limit are the exception, not the rule.  *Mendez v. R+L*

1    *Carriers, Inc.*, 2012 WL 1535756 (N.D. Cal.) (citation omitted).  "The party seeking a court order

2    to extend the examination, or otherwise alter the limitations, is expected to show good cause to

3    justify such an order."  *See* Adv. Comm. Notes to 2000 Amendments; *see also Withers v.*

4    *eHarmony, Inc.*, 267 F.R.D. 316, 321 (C.D. Cal. 2010).  Upon a showing of good cause, "[t]he

5    court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the

6    deponent[.]" Fed. R. Civ. P. 30(d)(1) (emphasis added).  The court must "guard against redundant

7    or disproportionate discovery."  *U-Haul Co. of Nevada, Inc. v. Gregory J. Kamer, Ltd.*, 2013 WL

8    5278523 (D. Nev.).

9          After review, the Court concludes that an additional three hours for Plaintiff's deposition is

10    appropriate.  The parties have agreed that this is not a second deposition, but a continuation of the

11    first deposition.  Though it is true that Defendants were informed there would "likely be additional

12    emails" that may be relevant prior to the first session of the deposition, there does not appear to

13    have been any indication of the volume of that potential production.  Immediately after the first

14    session, and at great cost, approximately 19,000 emails have been disclosed.  It is neither

15    unreasonable nor cumulative to permit additional time for questioning in the deposition based on

16    the sheer volume of the production.  Moreover, the burden or expense of the discovery is minimal,

17    as Plaintiff and his counsel previously agreed to the second session of the deposition.  Lastly, the

18    Court disagrees that Defendants have had "ample opportunity to" obtain the information they seek.

19    While it may be true that some of the 19,000 emails cover information already addressed in the

20    deposition, undoubtedly some of it does not.  Thus, having agreed that this is a continuation of the

21    first deposition, the Court declines Plaintiff's invitation to treat it as a second or additional

22    deposition.  The Court also declines to place arbitrary limits on the subject matter or scope of

23    questions that may be asked during the deposition.  The agreed upon second session of the original

24    deposition shall proceed and Defendants shall be afforded an additional three hours to conduct

25    Plaintiff's deposition.

26          Based on the foregoing and good cause appearing,

27          **IT IS HEREBY ORDERED** that  Defendants' Emergency Motion for Enlargement of

28    Time (#111) is **granted**.

3

1        **IT IS FURTHER ORDERED** that Defendants' Motion to Seal (#117) is **granted**.

2    DATED: August 26, 2014.

3

4    _____
     **C.W. Hoffman, Jr.**
5    **United States Magistrate Judge**

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4