```
 1  JULIE A. MERSCH, ESQ.
    Nevada Bar No. 4695
 2  jam@merschlaw.com
 3  Law Office of Julie A. Mersch
    1100 E. Bridger Avenue
 4  Las Vegas, NV  89101
 5  Phone:  (702) 387-5868 ~ Fax (702) 387-0109

 6  WILLIAM S. CUMMINGS, ESQ.
 7  Nevada Bar No. 011367
    wcummings@friedmanrubin.com
 8  HENRY G. JONES, ESQ.
 9  Pro Hac Vice
    hjones @friedmanrubin.com
10  FRIEDMAN│RUBIN®
11  1126 Highland Ave.
    Bremerton, WA 98337
12  Phone:  (360) 782-4300 ~ Fax:  (306) 782-4358
13
14  Attorneys for Plaintiff
```

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JONATHAN COHAN, M.D., formerly known as Jonathan Baktari, M.D., | ) ) ) Case No. 2:13-cv-00975-LDG-CWH |
| Plaintiff, | ) ) |
| vs. | ) **PLAINTIFF'S MOTION TO FILE** ) **DOCUMENTS UNDER SEAL** ) AND ORDER |
| PROVIDENT LIFE AND ACCIDENT INSURANCE CO., *et al.*, | ) ) ) |
| Defendants. | ) ) |

Plaintiff, Jonathan Cohan, by and through counsel, and pursuant to L.R. 7-2(a), 10-5(b) and this Court's Orders, on Jan. 21, 2014 (ECF No. 47) and Jan. 30, 2014 (ECF No. 52), moves to file

the following exhibits, filed in association with Plaintiff's Motion for Partial Summary Judgment on Breach of Contract, under seal:

- Exhibit 18, medical records from Cedars-Sinai Medical Center (CEDARS-SINAI 026 – 027 - CONFIDENTIAL);
- Exhibit 19, medical records from Cedars-Sinai Medical Center (CEDARS-SINAI 018 – 19 – CONFIDENTIAL);
- Exhibit 20, medical records from Cedars-Sinai Medical Center (CEDARS-SINAI 013 - 14 – CONFIDENTIAL);
- Exhibit 22, medical records from St. Rose Dominican Hospitals Siena Campus (ST. ROSE 040 – CONFIDENTIAL);
- Exhibit 23, medical records from Cedars-Sinai Medical Center (CEDARS-SINAI 007 - 010 – CONFIDENTIAL);
- Exhibit 24, medical records from Cedars-Sinai Medical Center (CEDARS-SINAI 003 - 006 – CONFIDENTIAL);
- Exhibit 38, 2010 Tax Return for The Jobba LLC (PLA-CL-IDI-002321 - 47);
- Exhibit 41, training documents of defendants (PLA-MS-COHAN-TRAINING-000160 – 61).

Plaintiff moves for the sealing of the listed documents because all of them have previously been designated as confidential pursuant to the protective order in this action. *See* Order, Jan. 30, 2014 (ECF No. 47) (citing Proposed Order, Jan. 29, 2014 (ECF No. 51)). This motion is further supported by the accompanying points and authorities.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO FILE DOCUMENTS UNDER SEAL**

In its prior order denying Plaintiff leave to file documents under seal, the Court noted:

[T]he parties failed to articulate s [*sic*] particularized good cause reason that would justify sealing the documents at issue. No explanation is provided regarding how the documents are confidential to support the request to seal. Additionally, the parties failed to cite any authority as required by Local Rule 7-2. Consequently, the Court is unable to undertake an individualized review of each of the documents that the parties request be sealed in accordance with the standard articulated above. The

Court finds that the parties have failed to carry their burden under *Kamakana's* good cause standard and the Court will deny their requests to seal without prejudice.

*See* Order, 5:9-15, Jan. 21, 2014 (ECF No. 47).

In that same order, (ECF No. 47), the Court requested that the parties file a Stipulated Protective Order by January 30, 2014. *See* Order, Jan. 21, 2014 (ECF No. 47). The parties complied with this request on January 29th. *See* Stip. for Protective Order, Jan. 29, 2014 (ECF No. 51). The Court accepted the parties' stipulated protective order with one exception relating to confidential documents. In its order of January 30, 2014 (ECF No. 52), the Court directed that:

> If the sole ground for a motion to seal is that the opposing party (or non-party) has designated a document as confidential, the opposing party (or non-party) shall file a declaration establishing good cause for the sealing along with a proposed order, or shall withdraw the designation. The declaration shall be filed within seven days of service on the opposing party (or non-party) of the request for a sealing order. If the declaration is not filed as required, the Court may order the document filed in the public record.

Order, 2:14-19 (ECF No. 52).

Dr. Cohan requests leave to file his medical records and a tax return under seal because they are private, and to file Unum documents under seal because they are subject to this Court's protective order.

**A.   Medical documentation should be sealed.**

Documents may be sealed when compelling reasons exist for doing so that outweigh the public's right of access to court records. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1177-79 (9th Cir. 2006). The need to protect medical privacy qualifies as a "compelling reason" that overcomes the presumption of public access to judicial records. *Karpenski v. Am. Gen. Life Cos., LLC*, No. 2:12–cv–01569RSM, 2013 WL 5588312, at *1 (W.D. Wash. Oct. 9, 2013); *Abbey v. Hawai'i Employers Mut. Ins. Co.*, 760 F. Supp. 2d 1005, 1013 (D. Haw. 2011) (court sealed portions of record in claims manager's action against her insurance company employer); *G. v. Hawai'i*, No. 08-00551 ACK-BMK, 2010 WL 2607483, at *1 (D. Haw. 2010) (sealing deposition testimony under the compelling reasons standard to protect the medical privacy of the aged, blind, and disabled plaintiffs); *Lombardi v. TriWest Healthcare Alliance*

*Corp.*, No. 08-02381, 2009 WL 1212170, at *1 (D. Ariz. 2009) (allowing defendant to file exhibits under seal where they contained "sensitive personal and medical information"); *Montin v. Ramsey*, No. 08-3082, 2009 WL 2225621, *2 (D. Neb. 2009) (allowing reply brief and exhibits to be filed under seal where they contained medical and treatment records); *Skinner v. Ashan*, No. 04-2380, 2007 WL 708972, at *2 (D.N.J. 2007) (observing that medical records "have long been recognized as confidential in nature").

In *Thoma v. City of Spokane*, the district court sealed a plaintiff-police officer's medical records, employment performance evaluations, and a pre-employment investigative report, which were filed in support of a summary judgment motion. *Thoma v. City of Spokane*, No. 12-0156-EFS, 2013 WL 1346988, at *3 (W.D. Wash. April 3, 2013). The court explained that "the need to protect a person's privacy in medical records is tantamount… and it outweighs the public's interest in disclosure of otherwise-confidential medical records." This was so even when the plaintiff was a public employee and where the medical condition of alcoholism arguably involved a public concern.

In this case, the rule is more compelling when the Plaintiff is a private, disabled individual whose medical condition is not a public concern at all. As the *Abbey* court stated, "[t]he need to protect medical privacy qualifies as a 'compelling reason' that overcomes the presumption of public access to judicial records." *Abbey*, 760 F. Supp. 2d at 1013. The Plaintiff's medical documentation filed as Exhibits 18 – 20 and 22 – 24 to a motion should be kept under seal.

**B.   Tax return information should be sealed.**

Plaintiff asks that Exhibit 38, 2010 Tax Return for The Jobba LLC, be filed under seal. *Sneller v. City of Bainbridge Island*, No. 07–05338 RBL, 2008 WL 4534364, at *3 (W.D. Wash. Oct. 7, 2008) ("If the parties include Plaintiffs' Tax Returns or any portion thereof in materials filed with the Court, the parties should take all reasonable steps necessary to file such material under seal …"). "Tax returns are confidential communications between the taxpayer and the government, 26 U.S.C. §§ 6103, 7213(a), and though not privileged from discovery there is a recognized policy against unnecessary public disclosure." *Barton v. Cascade Regional Blood Services*, No. C06-5644RBL, 2007 WL 2288035, at *1 (W.D. Wash. Aug. 6, 2007) (citing

1  *Premium Serv. Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975)). As
2  confidential communications, the tax returns should be filed under seal. *U.S. v. Suliman*, No.
3  2:13–CR–0132–LDG–VCF, 2014 WL 176773, at *4 (D. Nev. Jan. 13, 2014) ("Government's
4  exhibits (# 38, # 39) will remain under seal because they contain Nowak's individual tax returns.")
5  (citation omitted).

### C. Defendants have the burden to demonstrate training material should be sealed.

Under this Court's Order, Jan. 30, 2014 (ECF No. 52), the burden now rests with Unum to use affidavits and concrete examples to demonstrate specific facts showing specific harm that will result if the confidential status of Exhibit 41 is not maintained. *Diamond State Ins. Co. v. Rebel Oil Co., Inc.*, 157 F.R.D. 691 (D. Nev. 1994) (Defendants must show that: 1) the material derives independent economic value from generally not being known to others; 2) other persons can obtain independent economic value from its use; and 3) the materials are subject to reasonable efforts to maintain their secrecy).

If defendants make the required showing concerning Exhibit 41 in a timely fashion, it should be filed under seal. If defendants fail to make a satisfactory showing, the Court should file Exhibit 41 in the public record.

DATED this 17th day of October 2014.

FRIEDMAN | RUBIN®

By: /s/ William S. Cummings
   WILLIAM S. CUMMINGS
   Nevada Bar No. 11367
   1126 Highland Avenue
   Bremerton, WA 98337
   (360) 782-4300

ORDER

IT IS SO ORDERED.

DATED this 23 day of October, 2014.

_____
Lloyd D. George
Sr. U.S. District Judge

LAW OFFICE OF JULIE A. MERSCH

By: /s/ Julie A. Mersch
   JULIE A. MERSCH, ESQ., Nevada Bar No. 4695
   1100 E. Bridger Avenue
   Las Vegas, NV 89101
   (702) 387-5868
   *Attorneys for Plaintiff*