WALTER R. CANNON, ESQ.
Nevada Bar No. 001505
OLSON, CANNON, GORMLEY
ANGULO & STOBERSKI
9950 W. Cheyenne Avenue
Las Vegas, Nevada 89129
Telephone - (702) 384-4012
Fax - (702) 383-0701
wcannon@ocgas.com

PETER H. KLEE, ESQ. (Pro Hac Vice)
CHARLES A. DANAHER, ESQ. (Pro Hac Vice)
THEONA ZHORDANIA, ESQ. (Pro Hac Vice)
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
501 West Broadway, 19th Floor
San Diego, California 92101-3372
Telephone - (619) 338-6500
Fax - (619) 234-3815
PKlee@sheppardmullin.com
CDanaher@sheppardmullin.com
TZhordania@sheppardmullin.com

Attorneys for Defendants PROVIDENT
LIFE AND ACCIDENT INSURANCE
COMPANY and UNUM GROUP

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JONATHAN COHAN, M.D., formerly known as Jonathan Baktari, M.D., <br><br> Plaintiff, <br><br> vs. <br><br> PROVIDENT LIFE AND ACCIDENT INSURANCE CO., a foreign insurer, and UNUM GROUP, a Delaware Corporation, (d/b/a, inter alia, Provident Life and Accident Insurance Company, The Paul Revere Life Insurance Company, and Unum Life Insurance Company), <br><br> Defendants. | Case No. 2:13-cv-00975-LDG-CWH <br><br> **EMERGENCY MOTION TO SEAL EXHIBIT 41 TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [DKT. #135] AND ORDER** |

COME NOW Defendants, PROVIDENT LIFE AND ACCIDENT INSURANCE CO. and

UNUM GROUP, and on an emergency basis, hereby moves this Honorable Court, pursuant to

Local Rule 10-5(b) and this Court's Orders of January 21, 2014 [Dkt. #47] and

OLSON, CANNON, GORMLEY, ANGULO & STOBERSKI
Law Offices of
a Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012    Telecopier (702) 383-0701

January 30, 2014 [Dkt. #52] for an Order sealing Exhibit 41 to Plaintiff's Motion for Summary Judgment [Dkt. #135] upon the grounds that the documents contained in Exhibit 41 are trade secrets, the public release of which will have a detrimental financial impact on Unum and potentially compromise the competitive business advantage they have over competitors as a result of their training methods and materials.

This Motion is made and based upon all of the pleadings and papers on file herein, the Declaration of Christopher J. Ryan attached hereto as Exhibit "A", and the Court's Order of February 6, 2014 attached hereto as Exhibit "B", together with such other and further evidence and argument as the Court may entertain at the hearing of this Motion.

RESPECTFULLY SUBMITTED this 30th day of October, 2014.

OLSON, CANNON, GORMLEY
ANGULO & STOBERSKI

BY:   /s/  Walter R. Cannon
WALTER R. CANNON, ESQ.
Nevada Bar No. 001505
9950 W. Cheyenne Avenue
Las Vegas, Nevada 89129
Attorneys for Defendants

SHEPPARD, MULLIN
RICHTER & HAMPTON LLP

BY:   /s/  Charles A. Danaher
CHARLES A. DANAHER, ESQ.
(Pro Hac Vice)
501 West Broadway, 19th Floor
San Diego, California 92101-3372
Attorneys for Defendants

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   THE EMERGENCY NATURE OF DEFENDANTS' REQUEST

Defendants are asking this Court to review and decide the instant Motion on an expedited basis. Exhibit 41 contains highly sensitive trade secret information which was developed over a number of years by the Defendants. If the Court were to hear Defendants' request in the normal

. . .

course, there is a possibility that the subject information could lose the seal of confidentiality it was granted in the discovery phase of this case.  The resulting financial and competitive damage to the Defendants would be irreparable.

## II.   FACTS

On October 17, 2014, Plaintiff filed a Motion seeking the Court's permission to file under seal a number of exhibits attached to his Motion for Summary Judgment ]Dkt. #135].  The Court summarily granted Plaintiff's Motion on October 23, 2014.  One of the exhibits attached to Plaintiff's Summary Judgment omitted from his request was Exhibit 41 which contained Defendants' training materials for individuals accountable for the administration and processing of individual disability benefit claims, like the one Plaintiff submitted in the instant litigation.  (See Declaration of Christopher J. Ryan attached hereto as Exhibit "A").

The materials in question were developed by the Defendants over a number of years and are considered and treated by Unum as confidential propriety commercially sensitive information.  Id.  The materials have never been voluntarily produced by Unum in any litigation unless they are designated as "confidential" and protected from disclosure outside of the confines of a particular lawsuit.  Id..  Indeed, many of these same materials are subject to protective orders and confidential settlement agreements in other litigated matters involving the Plaintiff's counsel and the Defendants.  See Magistrate Judge Hoffman's Order of February 6, 2014 at p. 3, ll. 3-5. [Dkt. #68].  Said Order is attached hereto as Exhibit "B".  A similar protective order and confidentiality order is in place in the instant case.  Id..

Based upon these facts, Defendants are now asking this Court to seal Exhibit 41 attached to Plaintiff's Motion for Summary Judgment [Dkt. #135], thereby maintaining the seal placed upon the records during discovery through the summary judgment phase of this litigation.

. . .

. . .

. . .

. . .

. . .

OLSON, CANNON, GORMLEY, ANGULO & STOBERSKI
Law Offices of
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012   Telecopier (702) 383-0701

## III.   LEGAL ARGUMENT

### The Claims Handing Training Documents of Unum
### Contain Trade Secrets and There is a Compelling Interest
### to Maintain the Seal on the Records To Not Subject
### Defendants to an Economic Disadvantage

The District Court should seal Exhibit 41 to Plaintiff's motion for summary judgment [#135] because the avoidance of the resulting business harm inflicted upon Unum from public disclosure of their confidential training materials is a compelling interest and is a paramount one to the public's interest in disclosure.  A party seeking to file documents included in summary judgment papers "must show that 'compelling reasons supported by specific factual findings ... outweigh the general history of access and the public policies favoring disclosure.' " Pintos v. Pacific Creditors Assoc., 605 F.3d 665, 678 (9th Cir. 2010)(quoting Kamakana v. City and County of Honolulu, 447 F.3d 1172 1178–79 (9th Cir. 2006). Compelling reasons generally include the use of the records for an improper purpose, "such as ... to gratify private spite, promote public scandal, circulate libelous statements, *or release trade secrets.*" Kamakana, 447 F.3d at 1179.  The disclosure of the subject training records will have detrimental financial impact on Unum warranting sealing them from public disclosure.  See Declaration of Christopher J. Ryan attached as Exhibit "A".

Federal Rule of Civil Procedure 26(c)(7) expressly recognizes the discovery of trade secrets should either be limited or not permitted at all.  F.R.C.P. 26(c)(7) provides in pertinent part "the court . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. This expressly includes "a trade secret or other confidential research, development or commercial information not be revealed or be revealed only in a designated way . . ." See Evis Manufacturing Co. v. Federal Trade Commission, 287 F.2d 831, 845 (9th Cir. 1961)(stating "there is, in some degree, a recognition of the privilege not to disclose that class of facts, which, for lack of a better term,

. . .

. . .

Law Offices of
OLSON, CANNON, GORMLEY, ANGULO & STOBERSKI
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012    Telecopier (702) 383-0701

have come to be known as trade secrets."). "Confidential business information has long been recognized as property" and warranting protection from public consumption. <u>Carpenter v. United States</u>, 484 U.S. 19, 26 (1987).

The touchstone for evaluating the existence of a trade secret focuses on the need for secrecy. <u>Mangren Research & Dev. Corp. v. National Chem. Co., Inc.</u>, 87 F.3d 937, 942 (7th Cir. 1996). A "trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." <u>In re Electronic Arts, Inc.</u>, 298 Fed.Appx. 568, 569 (9th Cir.2008) (quoting Restatement of Torts § 757, cmt. b). Courts have found that a compelling reason to seal exists to prevent information from being used "as sources of business information that might harm a litigant's competitive standing." <u>Id.</u> (quoting <u>Nixon v. Warner Commc'ns, Inc.</u>, 435 U.S. 589, 598 (1978)); <u>see also</u> <u>Clark v. Bunker</u>, 453 F.2d 1006, 1009 (9th Cir. 1972)(finding that "a detailed plan for the creation, promotion, financing, and sale of contracts" is a trade secret). Stated alternatively, the extent of the confidential interest is defined by the extent in which the property owner protects his interest. <u>Ruckelshaus v. Monsanto Co.</u>, 478 U.S. 986, 1002 (1984). To be more precise, if the information is "sufficiently secret as to derive economic value" it is entitled to protection as a trade secret. <u>MJ & Partners Restaurant v. Zadikoff</u>, 10 F. Supp. 922, 933 (N.D. Ill. 1998). For example, detailed product-specific financial information, customer information and internal reports are appropriately sealable under the "compelling reasons" standard where information could be used to the party's competitive disadvantage. <u>Apple Inc. v. Samsung Electronics Co., Ltd.</u>, 727 F.3d 1214, 1228 (Fed. Cir. 2013).

Public disclosure, as important as it is, thus yields when there is a need to insure that a litigant's records are not used "as sources of business information that might harm a litigant's competitive standing." <u>Nixon</u>, 435 U.S. at 598. Defendant has submitted the declaration of Christopher J. Ryan in support of sealing Exhibit 41 to document #135 demonstrating that the subject information involves proprietary and confidential training information. Unum diligently endeavors to keep the information private from competitors. The training materials are held

OLSON, CANNON, GORMLEY, ANGULO & STOBERSKI
Law Offices of
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012    Telecopier (702) 383-0701

proprietary and not disseminated outside of the company. Unum has expended significant resources to develop these materials which are used to train person on handling claims for Unum's subsidiary insurers, including Defendant Provident Life and Accident Insurance Company ("Provident"). Unum has to this point been successful in maintaining confidentiality of the training documents in other litigations and made ongoing confidentiality of these records a necessary element in reaching settlements in cases. The prejudice inflicted to Defendants with disclosure involves a tangible economic impact and goes beyond mere embarrassment or intrusion.[1]

The claims handling industry is a highly competitive one. Unum and Provident derive specific economic advantage in their claims handling training and process. This advantage can only be maintained by keeping the subject training materials private and confidential. (Exhibit "A" para. 6). Exhibit 41 to Plaintiff's motion for summary judgment qualifies as a trade secret and therefore there is a compelling interest to maintaining secrecy. The Court should therefore grant Defendant's motion to seal Exhibit 41 to Dkt. #135 and thereby maintain the seal placed upon on the records during discovery through the summary judgment phase of this litigation.

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

_____

[1] The disclosure of training materials poses a much greater risk of harm to Defendant in losing a hard earned competitive advantage than is present with the personal embarrassment that might accompany disclosure of medical records or tax returns.

OLSON, CANNON, GORMLEY, ANGULO & STOBERSKI
Law Offices of
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012  Telecopier (702) 383-0701

## III.   <u>CONCLUSION</u>

IN ACCORDANCE WITH THE FOREGOING, the information contained in Exhibit 41 to Plaintiff's motion for summary judgment qualifies as a trade secret for Unum and Provident. There is thus a compelling interest in maintaining secrecy of the documents because the avoidance of economic hard is paramount to public disclosure.

RESPECTFULLY SUBMITTED this 30th day of October, 2014.

OLSON, CANNON, GORMLEY
ANGULO & STOBERSKI

BY:   /s/   Walter R. Cannon
WALTER R. CANNON, ESQ.
Nevada Bar No. 001505
9950 W. Cheyenne Avenue
Las Vegas, Nevada 89129
Attorneys for Defendants

SHEPPARD, MULLIN
RICHTER & HAMPTON LLP

BY:   /s/   Charles A. Danaher
CHARLES A. DANAHER, ESQ.
(Pro Hac Vice)
501 West Broadway, 19th Floor
San Diego, California 92101-3372
Attorneys for Defendants

### <u>ORDER</u>

IT IS SO ORDERED.

DATED this _____ day of _____ Pqxgo dgt _____, 2014.

_____
Lloyd D. George
Sr. U.S. District Judge

Law Offices of
OLSON, CANNON, GORMLEY, ANGULO & STOBERSKI
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012   Telecopier (702) 383-0701

# EXHIBIT A

1  WALTER R. CANNON, State Bar No. 001505
     wcannon@ocgas.com
2  OLSON, CANNON, GORMLEY
   ANGULO & STOBERSKI
3  9950 W. Cheyenne Avenue
   Las Vegas, Nevada 89129
4  Telephone No.: (702) 384-4012
   Facsimile No.: (702) 383-0701
5
6  PETER H. KLEE (*Pro Hac Vice*)
     pklee@sheppardmullin.com
7  CHARLES A. DANAHER (*Pro Hac Vice*)
     cdanaher@sheppardmullin.com
8  THEONA ZHORDANIA (*Pro Hac Vice*)
     tzhordania@sheppardmullin.com
9  SHEPPARD MULLIN RICHTER & HAMPTON LLP
   501 West Broadway, 19th Floor
10 San Diego, CA 92101
   Telephone No.: 619-338-6500
11 Facsimile No.: 619-234-3815

12 Attorneys for Defendants PROVIDENT
   LIFE AND ACCIDENT INSURANCE
13 COMPANY and UNUM GROUP

14
                 **UNITED STATES DISTRICT COURT**
15
                      **DISTRICT OF NEVADA**
16

17
18 JONATHAN COHAN, M.D., formerly     Case No. 2:13 CV 00975 LDG VCF
   known as Jonathan Baktari, M.D.,
19                                     **DECLARATION OF**
          Plaintiff,                   **CHRISTOPHER J. RYAN**
20
          v.
21
   PROVIDENT LIFE AND ACCIDENT
22 INSURANCE CO., a foreign insurer,
   and UNUM GROUP, a Delaware
23 Corporation, (d/b/a, inter alia, Provident
   Life and Accident Insurance Company,
24 The Paul Revere Life Insurance
   Company, and Unum Life Insurance
25 Company),

26        Defendants.

27
28

## DECLARATION OF CHRISTOPHER J. RYAN

I, Christopher J. Ryan, declare:

1.      I am a Director, Learning & Performance Development and IDI Operations QA for Unum Group ("Unum"). I have personal knowledge of the facts set forth below and, if called as a witness, I could and would testify competently as to such matters.

2.      As part of my responsibilities, I am familiar with training materials for individuals accountable for the administration of individual disability claims, including, but not limited to Disability Benefit Specialists.

3.      I have reviewed Exhibit 41 to Plaintiff's Motion for Summary Judgment, which is bates-stamped as "PLA-MS-COHAN-TRAINING-000160" through "PLA-MS-COHAN-TRAINING-000161." These pages constitute training materials developed for use by Unum's Benefit Center only and are considered confidential and proprietary/commercially sensitive in nature.

4.      Since the creation of these materials, Unum has treated them as confidential commercial information. These materials are not voluntarily produced by Unum or its subsidiaries in litigation unless they are designated "confidential," and protected from disclosure outside the confines of a particular lawsuit.

5.      These training materials are not to be disseminated to persons outside the company.

6.      Unum has expended significant time, money and effort in developing these materials, which are used to train those responsible for handling claims for Unum's subsidiary insurers, including Provident Life and Accident Insurance Company ("Provident"). In this way, Unum and Provident believe that they have a competitive business advantage over competitors that can only be maintained by keeping training materials, such as those identified in paragraph 3 above, private and confidential.

1   I declare under penalty of perjury under the laws of the State of Nevada and

2   the United States of America that the foregoing is true and correct.  Executed on

3   October 29, 2014, at Worcester, MA

4

5                                        CHRISTOPHER J. RYAN

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT B**

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

JONATHAN COHAN,                                  )
                                                 )
                    Plaintiff,                   )        Case No. 2:13-cv-00975-LDG-CWH
                                                 )
vs.                                              )        **ORDER**
                                                 )
PROVIDENT LIFE AND ACCIDENT                      )
INSURANCE COMPANY, *et al.*,                     )
                                                 )
                    Defendants.                  )
_____ )

This matter is before the Court on Plaintiff's Renewed Motion to File Documents Under Seal (#63), filed on February 4, 2014. The Court also considered Defendants' Response (#67), filed on February 5, 2014.

## BACKGROUND

On January 21, 2014, the Court denied without prejudice Plaintiff's Motions to Seal (#34) and (#46). In doing so, the Court noted that Plaintiff failed to meet his burden to demonstrate that the requested documents should be filed under seal. *See* Order #47. On January 30, 2014, the Court approved the parties' proposed Protective Order (#51) and again reminded the parties that they must file a motion that complies with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) in order to file a confidential document under seal. On January 30, 2014, Plaintiff filed a Statement (#55) and Declaration (#56) that the Court construed as a letter rather than a motion and struck pursuant to Federal Rule of Civil Procedure 7 on January 31, 2014. *See* Order #60. Additionally, all documents that were filed under seal without court approval were unsealed on January 31, 2014. On February 4, 2014, Plaintiff filed a Renewed Motion to Seal (#63) that is currently before the Court. Plaintiff contends that the identified documents should be sealed because they are subject to other courts' protective orders and a confidential settlement agreement. In response, Defendants contend that the identified documents were never submitted to

1    the Court or never reviewed by the Court as part of its Motion to Compel hearing and order on
2    January 27, 2014.  However, Defendants indicate that they could provide appropriate declarations
3    for why the documents should be sealed within two weeks.

4                                            **DISCUSSION**

5           The Ninth Circuit comprehensively examined the presumption of public access to judicial
6    files and records in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006).
7    There, the Court recognized that different interests are at stake in preserving the secrecy of materials
8    produced during discovery and materials attached to dispositive motions.  The *Kamakana* decision
9    reiterated that a protective order issued under Rule 26(c) may be issued once a particularized
10   showing of good cause exists for preserving the secrecy of discovery materials.  447 F.3d at 1180.
11   However, the Court found that a showing of "compelling reasons" is needed to support the secrecy
12   of documents attached to dispositive motions.  A showing of "good cause" does not, without more,
13   satisfy the "compelling reasons" test required to maintain the secrecy of documents attached to
14   dispositive motions.  *Id.*  Here, the documents that Plaintiffs requests be sealed are subject to the
15   good cause standard as they are attached to a discovery motion.

16          In the Ninth Circuit, "[i]t is well-established that the fruits of pretrial discovery are, in the
17   absence of a court order to the contrary, presumptively public." *San Jose Mercury News v. United*
18   *States District Court*, 187 F.3d 1096, 1103 (9th Cir. 1999).  Thus, the Ninth Circuit concluded,
19   "[g]enerally, the public can gain access to litigation documents and information produced during
20   discovery unless the party opposing disclosure shows 'good cause' why a protective order is
21   necessary." *Phillips v. General Motors*, 307 F.3d 1206, 1210 (9th Cir. 2002).  "For good cause to
22   exist, the party seeking protection bears the burden of showing specific prejudice or harm will result
23   if no protective order is granted." *Id.* at 1210-11.  Or, as the Ninth Circuit articulated the standard in
24   *Foltz*, "[t]he burden is on the party requesting a protective order to demonstrate that (1) the material
25   in question is a trade secret or other confidential information within the scope of Rule 26(c) and (2)
26   disclosure would cause an identifiable, significant harm." *Foltz* at 1131, quoting *Deford v. Schmid*
27   *Prods. Co.*, 120 F.R.D. 648, 653 (D. Md. 1987).  "If a court finds particularized harm will result
28   from disclosure of information to the public, then it balances the public and private interests to

                                                   2

1  decide whether a protective order is necessary." *Id.* at 1211 (citing *Glenmede Trust Co. v.*
2  *Thompson*, 56 F.3d 476, 483 (3d Cir. 1995)).

3          The Court finds that Plaintiff has met the good cause standard to seal the identified
4  documents. Plaintiff requests to file documents under seal because they are documents acquired
5  from Defendant Unum in discovery and are subject to other courts' protective orders. Additionally,
6  Plaintiff represents that his continued use of the documents are subject to a confidential settlement
7  agreement. Plaintiff's first Motions to Seal (#34) and (#46) merely concluded that the documents
8  were confidential and did not provide any explanation or authority for why they should be sealed in
9  this case. In contrast, Plaintiff's Declaration (#65) provides a particularized showing of good cause
10  exists for preserving the secrecy of discovery materials in this case. Additionally, a protective order
11  has been implemented to govern the exchange of discovery in this case subsequent to the first
12  motions to seal. *See* Order #52. Plaintiff attempts to pass the burden of demonstrating that these
13  documents should be filed under seal to Defendants. However, despite the fact that the documents
14  appear to have originated from Defendants, they are documents that Plaintiff utilized in support of
15  his position. Further, Plaintiff appears to be bound by other court orders and a settlement agreement
16  to keep the documents from being disclosed to the public. Therefore, Plaintiff carries the burden of
17  demonstrating good cause to seal the documents and the Court finds that he has met his burden.

18          Moreover, Defendants' response does not raise a substantive objection to sealing the
19  documents. Instead, Defendants appear to misunderstand how these documents were filed and used
20  in this case. These documents were filed under seal along with a motion to seal as part of the
21  briefing for the Motion to Compel (#31). Accordingly, the Court reviewed the briefing for the
22  hearing on the motion to compel, which included Plaintiff's Exhibits and Reply that are at issue
23  presently. Additionally, all documents that were filed under seal without court approval were
24  unsealed on January 31, 2014. Defendants request more time to submit sufficient support to seal the
25  identified documents. However, the Court finds that more time and additional briefing is
26  unnecessary as there is good cause to seal the documents based on Plaintiff's Renewed Motion to
27  Seal (#(63) and Declaration (#65). Therefore, the Court finds that Plaintiff has met *Kamakana's*
28  good cause standard and the Court will grant his request to seal.

1    Based on the foregoing and good cause appearing therefore,

2    **IT IS HEREBY ORDERED** Plaintiff's Renewed Motion to File Documents Under Seal

3    (#63) is **granted**.

4    **IT IS FURTHER ORDERED** that the Clerk of the Court shall seal docket entries #34 and

5    #44, which include the following documents:

6    •    #34: #1 Exhibit 4, #2 Exhibit 5, #3 Exhibit 7, #5 Exhibit 9, #6 Exhibit 10, #7 Exhibit

7         11, #8 Exhibit 18, #9 Exhibit 19, #10 Exhibit 20, #11 Exhibit 25, #12 Exhibit 26

8    •    #44: Plaintiff's Reply and Attachment #1 Exhibit #44

9    DATED this 6th day of February, 2014.

10

11        **C.W. Hoffman, Jr.**
          **United States Magistrate Judge**

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4