JULIE A. MERSCH, ESQ.
Nevada Bar No. 4695
jam@merschlaw.com
Law Office of Julie A. Mersch
701 S. 7th St.
Las Vegas, NV 89101
Phone: (702) 387-5868 ~ Fax (702) 387-0109

WILLIAM S. CUMMINGS, ESQ.
Nevada Bar No. 011367
wcummings@friedmanrubin.com
HENRY G. JONES, ESQ.
*Pro Hac Vice*
hjones @friedmanrubin.com
FRIEDMAN | RUBIN®
1126 Highland Ave.
Bremerton, WA 98337
Phone: (360) 782-4300 ~ Fax: (306) 782-4358

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JONATHAN COHAN, M.D., formerly known as Jonathan Baktari, M.D.,<br><br>Plaintiff,<br><br>vs.<br><br>PROVIDENT LIFE AND ACCIDENT INSURANCE CO., *et al.*,<br><br>Defendants. | Case No. 2:13-cv-00975-LDG-CWH<br><br>**PLAINTIFF'S MOTION TO FILE DOCUMENTS UNDER SEAL** |

Plaintiff, Jonathan Cohan, by and through counsel, and pursuant to L.R. 7-2(a), 10-5(b) and this Court's Orders, on Jan. 21, 2014 (ECF No. 47) and Jan. 30, 2014 (ECF No. 52), moves to file an unredacted copy of his Opposition to Defendants' Motion for Summary Judgment or, In t he

Alternative, Partial Summary Judgment, and the following exhibits, filed in association with Plaintiff's Opposition to Defendants' Motion for Summary Judgment or, Alternatively, Partial Summary Judgment, under seal:

- Exhibit 43, a copy of Jonathan Cohan, M.D.'s 2009 Tax Return (PLA-CL-IDI-000944 – 945).
- Exhibit 44, a copy of Windmill Partners LLC 2009 Tax Returns (C2D 405 - 420).
- Exhibit 45, a copy of Windmill Partners LLC 2010 Tax Returns (C2D 421-440).
- Exhibit 46, a copy of Windmill Tax Partners LLC 2011 Returns (C2D 441 - 461).
- Exhibit 49, a copy of Vaccine Center 2010 Tax Returns (VC0024 - 46).
- Exhibit 50, a copy of Vaccine Center 2011 Tax Returns (VC0047 - 62).
- Exhibit 73, copies of Job Descrip tions (PLA-MS-COHAN-JOB_DESC-00001 - 14 (CONF)).
- Exhibit 81, a copy of Medical Imaging Report dated May 4, 2012 (PLA-CL-IDI-002039 - 2041)
- Exhibit 86, a copy of UnumProvident's Manager Toolkit 2005 B usiness Plan & BBS Communications-The Benefit Center powerpoint (MOFFATT411 - 446).
- Exhibit 89, a copy of excerpts o f Unum's Worcester Benefits Operations 3Q11 Quarterly Meeting powerpoint dated November 15, 2011.
- Exhibit 90, a copy of ID Director Scorecard as of March 31, 2011 (PLA-MS-COHAN-WORCESTER TOTAL SCORECARDS-000001 - 19 (CONF)).
- Exhibit 92, a copy of Weekly Tracking – QTR View as of March 31, 2011 (PLA-MS-COHAN-IDI_WEEKLY_TRACKING-000001 – 8 (CONF)).
- Exhibit 93, a copy of 2011 P erformance Based Incentive (P BI) FAQ's (PLA-MS-COHAN-PBI FAQS-000001 - 6 (CONF)).
- Exhibit 94, a copy of the 2012 Individual Compensation Statements for Bruce Lacasse (PLA-MS-COHAN-IND COMP STMTS-000003(CONF)).
- Exhibit 95, a copy of the 2012 Individual Compensation Statements for Sara McKinnon (PLA-MS-COHAN-IND COMP STMTS-000006 (CONF)).

- Exhibit 96, a copy of the 2012 Individual Compensation Statements for Laura Chillo (PLA-MS-COHAN-IND COMP STMTS-000014(CONF)).
- Exhibit 97, a copy of 2009 Schedule C for Omni (PLA-CL-IDI-000948).
- Exhibit 98, a copy of 2010 Schedule C for Omni (PLA-CL-IDI-000948).
- Exhibit 99, a copy of 2011 Schedule C for Omni (PLA-CL-IDI-000948).

Plaintiff moves to file his opposition under seal because a portion of it, subsection II.K., discusses documents defendants have designated confidential in a manner that defendants may believe also discloses confidential information. Plaintiff moves for the sealing of the listed exhibits because they have either previously been designated as confidential pursuant to the protective order in this action, *see* Order, Jan. 30, 2014 (ECF No. 47) (citing Proposed Order, Jan. 29, 2014 (ECF No. 51)), or confidential treatment is appropriate. This motion is further supported by the accompanying points and authorities.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO FILE DOCUMENTS UNDER SEAL**

In its prior order denying Plaintiff leave to file documents under seal, the Court noted:

> [T]he parties failed to articulate [a] particularized good cause reason that would justify sealing the documents at issue. No explanation is provided regarding how the documents are confidential to support the request to seal. Additionally, the parties failed to cite any authority as required by Local Rule 7-2. Consequently, the Court is unable to undertake an individualized review of each of the documents that the parties request be sealed in accordance with the standard articulated above. The Court finds that the parties have failed to carry their burden under *Kamakana's* good cause standard and the Court will deny their requests to seal without prejudice.

*See* Order, 5:9-15, Jan. 21, 2014 (ECF No. 47).

In that same order, (ECF No. 47), the Court requested that the parties file a Stipulated Protective Order by January 30, 2014. *See* Order, Jan. 21, 2014 (ECF No. 47). The parties complied with this request on January 29th. *See* Stip. for Protective Order, Jan. 29, 2014 (ECF No. 51). The Court accepted the parties' stipulated protective order with one exception relating to confidential documents. In its order of January 30, 2014 (ECF No. 52), the Court directed:

> If the sole ground for a motion to seal is that the opposing party (or non-party) has designated a document as confidential, the opposing party (or non-party) shall file

> a declaration establishing good cause for the sealing along with a proposed order, or shall withdraw the designation. The declaration shall be filed within seven days of service on the opposing party (or non-party) of the request for a sealing order. If the declaration is not filed as required, the Court may order the document filed in the public record.

Order, 2:14-19 (ECF No. 52).

Dr. Cohan requests leave to file a medical record and certain tax returns under seal because they are private, and to file Unum documents under seal because they are subject to this Court's protective order.

**A. Medical documentation should be sealed.**

Documents may be sealed when compelling reasons exist for doing so that outweigh the public's right of access to court records. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1177-79 (9th Cir. 2006). The need to protect medical privacy qualifies as a "compelling reason" that overcomes the presumption of public access to judicial records. *Karpenski v. Am. Gen. Life Cos., LLC*, No. 2:12–cv–01569RSM, 2013 WL 5588312, at *1 (W.D. Wash. Oct. 9, 2013); *Abbey v. Hawai'i Employers Mut. Ins. Co.*, 760 F. Supp. 2d 1005, 1013 (D. Haw. 2011) (court sealed portions of record in claims manager's action against her insurance company employer); *G. v. Hawai'i*, No. 08-00551 ACK-BMK, 2010 WL 2607483, at *1 (D. Haw. 2010) (sealing deposition testimony under the compelling reasons standard to protect the medical privacy of the aged, blind, and disabled plaintiffs); *Lombardi v. TriWest Healthcare Alliance Corp.*, No. 08-02381, 2009 WL 1212170, at *1 (D. Ariz. 2009) (allowing defendant to file exhibits under seal where they contained "sensitive personal and medical information"); *Montin v. Ramsey*, No. 08-3082, 2009 WL 2225621, *2 (D. Neb. 2009) (allowing reply brief and exhibits to be filed under seal where they contained medical and treatment records); *Skinner v. Ashan*, No. 04-2380, 2007 WL 708972, at *2 (D.N.J. 2007) (observing that medical records "have long been recognized as confidential in nature").

In *Thoma v. City of Spokane*, the district court sealed a plaintiff-police officer's medical records, employment performance evaluations, and a pre-employment investigative report, which were filed in support of a summary judgment motion. *Thoma v. City of Spokane*, No. 12-0156-EFS, 2013 WL 1346988, at *3 (W.D. Wash. April 3, 2013). The court explained that "the need to

protect a person's privacy in medical records is tantamount… and it outweighs the public's interest in disclosure of otherwise-confidential medical records." This was so even when the plaintiff was a public employee and where the medical condition of alcoholism arguably involved a public concern.

In this case, the rule is more compelling when the Plaintiff is a private, disabled individual whose medical condition is not a public concern at all. As the *Abbey* court stated, "[t]he need to protect medical privacy qualifies as a 'compelling reason' that overcomes the presumption of public access to judicial records." *Abbey*, 760 F. Supp. 2d at 1013. Exhibit 81 is one of plaintiff's medical records, and should be kept under seal.

**B. Tax return information should be sealed.**

Plaintiff asks that Exhibits 43, 44, 45, 46, 49, 50, 97, 98, and 99 be filed under seal because they are tax documents. Exhibit 43 is one of plaintiff's individual tax returns, Exhibits 44-46 are tax returns of Windmill Partners, Exhibits 49 and 50 are tax returns of the Vaccine Center, and Exhibits 97 through 99 are portions of plaintiff's individual tax returns. *Sneller v. City of Bainbridge Island*, No. 07–05338 RBL, 2008 WL 4534364, at *3 (W.D. Wash. Oct. 7, 2008) ("If the parties include Plaintiffs' Tax Returns or any portion thereof in materials filed with the Court, the parties should take all reasonable steps necessary to file such material under seal …"). "Tax returns are confidential communications between the taxpayer and the government, 26 U.S.C. §§ 6103, 7213(a), and though not privileged from discovery there is a recognized policy against unnecessary public disclosure." *Barton v. Cascade Regional Blood Services*, No. C06-5644RBL, 2007 WL 2288035, at *1 (W.D. Wash. Aug. 6, 2007) (citing *Premium Serv. Corp. v. Sperry & Hutchinson Co.*, 511 F. 2d 225, 229 (9th Cir. 1975)). As confidential communications, the tax returns should be filed under seal. *U.S. v. Suliman*, No. 2:13–CR–0132–LDG–VCF, 2014 WL 176773, at *4 (D. Nev. Jan. 13, 2014) ("Government's exhibits (# 38, # 39) will remain under seal because they contain Nowak's individual tax returns.") (citation omitted).

**C. Defendants have the burden to demonstrate that the remaining exhibits and Section II.K of the Opposition brief should be sealed.**

Under this Court's Order, Jan. 30, 2014 (ECF No. 52), the burden rests with Unum to demonstrate why the documents it designated as confidential that plaintiff is filing as exhibits

should be filed under seal. These are the remaining exhibits from those identified above—Exhibits 73, 86, 89, 90, 92, 93, 94, 95, and 96. *See Diamond State Ins. Co. v. Rebel Oil Co., Inc.*, 157 F.R.D. 691 (D. Nev. 1994) (Defendants must show that: 1) the material derives independent economic value from generally not being known to others; 2) other persons can obtain independent economic value from its use; and 3) the materials are subject to reasonable efforts to maintain their secrecy).

The determination of whether these exhibits should be under seal will largely govern whether an unredacted version of plaintiff's Opposition must also be filed under seal. Plaintiff is currently filing a version of the brief with section II.K redacted because it discusses and quotes from several exhibits relating to defendants' compensation plan that defendants have designated confidential. If those exhibits are filed under seal, section II.K probably should be as well.

DATED this 24th day of November 2014.

FRIEDMAN | RUBIN®

By: /s/ William S. Cummings
WILLIAM S. CUMMINGS
Nevada Bar No. 11367
1126 Highland Avenue
Bremerton, WA 98337
(360) 782-4300

LAW OFFICE OF JULIE A. MERSCH

By: /s/ Julie A. Mersch
JULIE A. MERSCH, ESQ., Nevada Bar No. 4695
701 S. 7th St.
Las Vegas, NV 89101
(702) 387-5868
*Attorneys for Plaintiff*

ORDER

IT IS SO ORDERED.
DATED this 4 day of December, 2014.

Lloyd D. George
Sr. U.S. District Judge