WALTER R. CANNON, State Bar No. 001505
  wcannon@ocgas.com
OLSON, CANNON, GORMLEY
ANGULO & STOBERSKI
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
Telephone:  702-384-4012
Facsimile:   702-383-0701

PETER H. KLEE (*Pro Hac Vice*)
  pklee@mckennalong.com
CHARLES A. DANAHER (*Pro Hac Vice*)
  cdanaher@mckennalong.com
THEONA ZHORDANIA (*Pro Hac Vice*)
  tzhordania@mckennalong.com
McKENNA LONG & ALDRIDGE LLP
600 West Broadway, Suite 2600
San Diego, California 92101
Telephone:  619-236-1414
Facsimile:   619-232-8311

Attorneys for Defendants
PROVIDENT LIFE AND ACCIDENT
INSURANCE COMPANY and UNUM GROUP

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JONATHAN COHAN, M.D., formerly known as Jonathan Baktari, M.D.,<br><br>Plaintiff,<br>v.<br>PROVIDENT LIFE AND ACCIDENT INSURANCE CO., a foreign insurer, and UNUM GROUP, a Delaware Corporation, (d/b/a, inter alia, Provident Life and Accident Insurance Company, The Paul Revere Life Insurance Company, and Unum Life Insurance Company),<br><br>Defendants. | Case No. 2:13-cv-00975-LDG-CWH<br><br>**EMERGENCY MOTION TO SEAL:**<br><br>**EXHIBITS 73, 86, 90, 92, 93, 94, 95 AND 96 TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** [*DKT. #188*] **AND ORDER**<br><br>**EXHIBITS 2, 5, 6, 9, 10, 13, 14, 15, 16, 17, 24, 25, 26, 31 and 32 TO PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT** [*DKT. NO. 219*] **AND ORDER** |

1        COME NOW Defendants, PROVIDENT LIFE AND ACCIDENT
2 INSURANCE CO. and UNUM GROUP, and on an emergency basis, hereby moves
3 this Honorable Court, pursuant to Local Rule 10-5(b) and this Court's Orders of
4 January 21, 2014 [Dkt. #47] and January 30, 2014 [Dkt. #52] for an Order sealing
5 Exhibits **73, 86, 90, 92, 93, 94, 95 and 96** to Plaintiff's Opposition to Defendants'
6 Motion for Summary Judgment [**Dkt. #188**] on the grounds that these exhibits are
7 confidential, proprietary and/or constitute trade secret information, the public
8 release of which will have a detrimental financial impact on Unum and/or the
9 privacy rights of its employees, and potentially compromise the competitive
10 business advantage they have over competitors as a result of their training methods
11 and materials.
12       Defendants also move this Honorable Court, pursuant to Local Rule 10-5(b)
13 and this Court's Orders of January 21, 2014 [Dkt. #47] and January 30, 2014 [Dkt.
14 #52] for an Order sealing Exhibits **2, 5, 6, 9, 10, 13, 14, 15, 16, 17, 24, 25, 26, 31**
15 **and 32** to Plaintiff's Reply Brief in Support of Motion for Partial Summary
16 Judgment [**Dkt. #219**] on the grounds these exhibits are confidential, proprietary
17 and/or constitute trade secrets, the public release of which will have a detrimental
18 financial impact on Unum and/or the privacy rights of its employees, and potentially
19 compromise the competitive business advantage they have over competitors as a
20 result of their training methods and materials.
21       This Motion is made and based upon all of the pleadings and papers on file
22 herein, the Declarations of Rhonda Rigsby attached hereto as Exhibits "A" and "B,"
23 the Declarations of Kelly Croce attached hereto as Exhibits "C" and "D," the
24 Declarations of Holly Crawford attached hereto as Exhibits "E" and "F," and the
25 Court's Order of February 6, 2014 attached hereto as Exhibit "G," together with
26 such other and further evidence and arguments as the Court may entertain at the
27 hearing of this motion.
28

RESPECTFULLY SUBMITTED this 13th day of January 2015.

        OLSON, CANNON, GROMLEY ANGULO & STOBERSKI

        By    */s/ Walter R. Cannon*
            Walter R. Cannon, Esq.
            Nevada Bar No. 001505
            9950 W. Cheyenne Avenue
            Las Vegas, Nevada 89129
            Attorneys for Defendants


        McKENNA LONG & ALDRIDGE LLP

        By    */s/ Theona Zhordania*
            Peter H. Klee (Pro Hac Vice)
            Charles A. Danaher (Pro Hac Vice)
            Theona Zhordania (Pro Hac Vice)
            600 West Broadway, Suite 2600
            San Diego, California 92101
            Attorneys for Defendants

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. THE EMERGENCY NATURE OF DEFENDANTS' REQUEST

Defendants are asking this Court to review and decide the instant Motion on an expedited basis. Exhibits **73, 86, 90, 92, 93, 94, 95 and 96** to Plaintiff's Opposition to Defendants' Motion for Summary Judgment **[Dkt. #188]** and Exhibits **2, 5, 6, 9, 10, 13, 14, 15, 16, 17, 24, 25, 26, 31 and 32** to Plaintiff's Reply Brief in Support of Motion for Partial Summary Judgment **[Dkt. # 219]** contain highly sensitive trade secret information which was developed over a number of years by the Defendants, as well as private employee information. If the Court were to hear Defendants' request in the normal course, there is a possibility that the subject information could lose the seal of confidentiality it was granted in the discovery phase of this case. The resulting financial and competitive damage, and loss of employee privacy would be irreparable.

## II. FACTS

On November 24, 2014, Plaintiff filed a Motion seeking the Court's permission to file under seal a number of exhibits attached to his Opposition to Defendants' Motion for Summary Judgment [Dkt. #188].

On December 31, 2014, Plaintiff filed a Motion seeking the Court's permission to file under seal a number of exhibits attached to his Reply Brief in Support of Plaintiff's Motion for Partial Summary Judgment [Dkt. #219].

The materials in question were developed by the Defendants over a number of years and are considered and treated by Unum as confidential propriety commercially sensitive information. They also contain private employee information protected under the Massachusetts privacy statutes. The materials have never been voluntarily produced by Unum in any litigation unless they are designated as "confidential" and protected from disclosure outside of the confines of a particular lawsuit. (Exs. "A" through "F"). Indeed, many of these same materials are subject to protective orders and confidential settlement agreements in

other litigated matters involving the Plaintiff's counsel and the Defendants.  See Magistrate Judge Hoffman's Order of February 6, 2014 at p. 3, ll. 3-5. [Dkt. #68]. Said Order is attached hereto as Exhibit "G." A similar protective order and confidentiality order is in place in the instant case. Id.

Based upon these facts, Defendants are now asking this Court to seal Exhibits **73, 86, 90, 92, 93, 94, 95 and 96** to Plaintiff's Opposition to Defendants' Motion for Summary Judgment [**Dkt. #188**] and Exhibits **2, 5, 6, 9, 10, 13, 14, 15, 16, 17, 24, 25, 26, 31 and 32** to Plaintiff's Reply Brief in Support of Motion for Partial Summary Judgment [**Dkt. #219**], thereby maintaining the seal placed upon the records during discovery through the summary judgment phase of this litigation.

## III. <u>LEGAL ARGUMENT</u>

### <u>The Claims Handling Training Documents of Unum Contain Trade Secrets and There is a Compelling Interest to Maintain the Seal on the Records to Not Subject Defendants to an Economic Disadvantage</u>

The District Court should seal Exhibits **73, 86, 90, 92, 93, 94, 95 and 96** to Plaintiff's Opposition to Defendants' Motion for Summary Judgment [**Dkt. #188**] and Exhibits **2, 5, 6, 9, 10, 13, 14, 15, 16, 17, 24, 25, 26, 31 and 32** to Plaintiff's Reply Brief in Support of Motion for Partial Summary Judgment [**Dkt. # 219**] because the avoidance of the resulting business harm inflicted upon Unum from public disclosure of their confidential and private documents is a compelling interest and is a paramount one to the public's interest in disclosure.  An equally compelling interest exists in protecting the privacy rights of its employees.  A party seeking to file documents included in summary judgment papers "must show that 'compelling reasons supported by specific factual findings ... outweigh the general history of access and the public policies favoring disclosure.'" Pintos v. Pacific Creditors Assoc., 605 F.3d 665, 678 (9th Cir. 2010) (quoting Kamakana v. City and County of Honolulu, 447 F.3d 1172 1178-79 (9th Cir. 2006).  Compelling reasons generally include the use of the records for an improper purpose" "such as ... to gratify private spite, promote public scandal, circulate libelous statements, *or release trade*

secrets." Kamakana, 447 F.3d at 1179. The disclosure of the subject training records will have detrimental financial impact on Unum warranting sealing them from public disclosure.

      Federal Rule of Civil Procedure 26(c)(7) expressly recognizes the discovery of trade secrets should either be limited or not permitted at all. F.R.C.P. 26(c)(7) provides in pertinent part "the court … may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. This expressly includes "'a trade secret or other confidential research, development or commercial information not be revealed or be revealed only in a designated way..." See Evis Manufacturing Co. v. Federal Trade Commission, 287 F.2d 831, 845 (9th Cir. 1961) (stating "'there is, in some degree, a recognition of the privilege not to disclose that class of facts, which. for lack of a better term, have come to be known as trade secrets."). "Confidential business information has long been recognized as property" and warranting protection from public consumption. *Carpenter v. United States*, 484 U.S. 19, 26 (1987).

      The touchstone for evuluating the existence of a trade secret focuses on the need for secrecy. Mangren Research & Dev. Corp. v. National Chem. Co., Inc., 87 F.3d 937, 942 (7th Cir. 1996). A "trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." In re Electronic Carts, Inc., 298 Fed.Appx. 568, 569 (9th Cir. 2008) (quoting Restatement of Torts § 757, cmt. b). Courts have found that a compelling reason to seal exists to prevent information from being used "'as sources of business information that might harm a litigant's competitive standing." Id. (quoting Nixon v. Warner Comme'ns, Inc., 435 U.S. 589, 598 (1978)); also Clark v. Bunker, 453 F.2d 1006, 1009 (9th Cir. 1972) (finding that "a detailed plan tor the creation, promotion, financing, and sale of contracts" is a trade secret). Stated alternatively, the extent of the confidential interest is defined by the extent in which the property

owner protects his interest. Ruckelshaus v. Monsanto Co., 478 U.S. 986, 1002 (1984). To be more precise, if the information is "sufficiently secret as to derive economic value" it is entitled to protection as a trade secret. MJ & Partners Restaurant v. Zadikoff, 10 F. Supp. 922, 933 (N.D. Ill. 1998). For example, detailed product-specific financial information, customer information and internal reports are appropriately sealable under the "'compelling reasons" standard where information could be used to the party's competitive disadvantage. Apple Inc. v. Samsung Electronics Co., Ltd., 727 F.3d 1214, 1228 (Fed. Cir. 2013).

Public disclosure, as important as it is, thus yields when there is a need to insure that a litigant's records are not used "as sources of business information that might harm a litigant's competitive standing." Nixon, 435 U.S. at 598. Defendants have submitted the declarations of Rhonda Rigsby, Kelly Croce and Holly Crawford in support of sealing Exhibits **73, 86, 90, 92, 93, 94, 95 and 96** to Plaintiff's Opposition to Defendants' Motion for Summary Judgment [**Dkt. #188**] and Exhibits **2, 5, 6, 9, 10, 13, 14, 15, 16, 17, 24, 25, 26, 31 and 32** to Plaintiff's Reply Brief in Support of Motion for Partial Summary Judgment **[Dkt. # 219]**, demonstrating that the subject information involves proprietary, confidential and private information. Unum diligently endeavors to keep the information private from competitors. The materials contained in the above-listed exhibits are held proprietary and not disseminated outside of the company. Unum has expended significant resources to develop these materials. Unum has to this point been successful in maintaining confidentiality of these documents in other cases and made ongoing confidentiality of these records a necessary element in reaching settlements in cases. The prejudice inflicted to Defendants with disclosure involves a tangible economic impact and goes beyond mere embarrassment or intrusion.[1]

---

[1] The disclosure of training materials poses a much greater risk of harm to Defendant in losing a hard earned competitive advantage than is present with the

1       The insurance industry is a highly competitive one. Unum and Provident
2 derive specific economic advantage in their claims handling training and process.
3 This advantage can only be maintained by keeping the subject materials private and
4 confidential. (Exhibits "A" through "F"). Exhibits **73, 86, 90, 92, 93, 94, 95 and 96**
5 to Plaintiff's Opposition to Defendants' Motion for Summary Judgment [**Dkt. #188**]
6 and Exhibits **2, 5, 6, 9, 10, 13, 14, 15, 16, 17, 24, 25, 26, 31 and 32** to Plaintiff's
7 Reply Brief in Support of Motion for Partial Summary Judgment [**Dkt. # 219**]
8 qualify a trade secret and private information and therefore there is a compelling
9 interest to maintaining secrecy. The Court should therefore grant Defendant's
10 motion to seal the above-listed exhibits and thereby maintain the seal placed upon
11 on the records during discovery through the summary judgment phase of this
12 litigation.

13 **IV.   CONCLUSION**
14       IN ACCORDANCE WITH THE FOREGOING, the information contained in
15 Exhibits **73, 86, 90, 92, 93, 94, 95 and 96** to Plaintiff's Opposition to Defendants'
16 Motion for Summary Judgment [**Dkt. #188**] and Exhibits **2, 5, 6, 9, 10, 13, 14, 15,**
17 **16, 17, 24, 25, 26, 31 and 32** to Plaintiff's Reply Brief in Support of Motion for
18 Partial Summary Judgment [**Dkt. # 219**]. There is thus a compelling interest in
19 maintaining secrecy of the documents because the avoidance of economic hard is
20 paramount to public disclosure.

27 _____
personal embarrassment that might accompany disclosure of medical records or tax
28 returns.

-8-

RESPECTFULLY SUBMITTED this 13th day of January 2015.

        OLSON, CANNON, GROMLEY ANGULO & STOBERSKI

By    */s/ Walter R. Cannon*
      Walter R. Cannon, Esq.
      Nevada Bar No. 001505
      9950 W. Cheyenne Avenue
      Las Vegas, Nevada 89129
      Attorneys for Defendants

McKENNA LONG & ALDRIDGE LLP

By    */s/ Theona Zhordania*
      Peter H. Klee (Pro Hac Vice)
      Charles A. Danaher (Pro Hac Vice)
      Theona Zhordania (Pro Hac Vice)
      600 West Broadway, Suite 2600
      San Diego, California 92101
      Attorneys for Defendants

## ORDER

IT IS SO ORDERED.

DATED this 14 day of January, 2015.

_____
Lloyd D. George
Sr. U.S. District Judge

-10-