# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JONATHAN COHAN, M.D.,

    Plaintiff,

v.

PROVIDENT LIFE AND ACCIDENT INSURANCE CO., *et al*.,

    Defendants.

Case No. 2:13-cv-00975-LDG (CWH)

**ORDER**

    Plaintiff Jonathan Cohan, M.D., objects (#237) to the Magistrate Judge's Order Granting Defendants' Motion to Strike Plaintiff's Late-Disclosed First Supplemental Disclosure of Expert Witness designating Robb Rowley, M.D., as an expert witness. Defendants Unum Group and Provident Life and Accident Insurance Company have responded to the objection (#242). The Court will deny the objection.

    On May 27, 2014, Dr. Cohan changed his treating physician from Sassan Kaveh, M.D. to Robb Rowley, M.D. As noted by the Magistrate Judge during the hearing in which he granted the defendants' motion, this is a matter in which Dr. Cohan "has been completely involved in because of the nature of discovery." By about June 1, Dr. Cohan's counsel was aware that Dr. Cohan had changed his treating physician to Dr. Rowley.

Pursuant to the parties' third joint request to extend deadlines, experts were to be designated by June 23, 2014, and rebuttal experts were to be designated by July 23, 2014. Counsel for Dr. Cohan did not attempt to meet with Dr. Rowley until July 17, 2014, at which time counsel asked Dr. Rowley whether he would be able, at that time, to offer an opinion regarding Dr. Cohan's ability to work. Dr. Rowley responded that he was not in a position to do so on that date. On July 29, 2014, the parties filed a joint request to extend the deadlines for discovery and dispositive motions. The parties further acknowledged that the dates for expert and rebuttal expert designations had already passed, and that the proposed extension did not modify the expert or rebuttal expert designation date. On August 18, Dr. Rowley called Dr. Cohan's counsel to advise her that he felt comfortable offering an opinion. Dr. Cohan filed his Supplemental Disclosure of Expert Witnesses, designating Dr. Rowley as an expert, on August 26, 2014.

As counsel for Dr. Cohan has conceded, the designation of Dr. Rowley as an expert witness was untimely.

Pursuant to Fed. R. Civ. Pro. 37(c)(1): "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

Dr. Cohan argues that, in determining whether the violation of a discovery deadline is justified or harmless, a "four-part test" "requires consideration of the willfulness or bad faith of plaintiff's counsel," but that the Magistrate Judge did not consider this factor. In support of this "four-part test," Dr. Cohan cites to an unpublished order of the Magistrate Judge entered in a different matter (*Olaya v. Wal-Mart Stores, Inc.*, 2012 WL 3262875), noting the Magistrate Judge's citation to an unpublished decision from the Southern District of California (*Manneh v. Inverness Medical Innovations, Inc.*, 2010 WL 3212129 (S.D. Cal. 2010)). Neither of those decisions establishes a four-part test for determining whether a

2

1  violation is substantially justified or harmless.  Neither does either decision establish that
2  willfulness or bad faith is a factor that a judge is required to consider.  Rather, each of
3  those decisions recognizes these are factors, among other factors, that may properly guide
4  a court in making such a determination.

5       By contrast, in *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106
6  (9th Cir. 2001), the Ninth Circuit limited the requirement of considering willfulness, fault, or
7  bad faith to those cases in which a cause of action is dismissed outright as a discovery
8  sanction.  As the Magistrate Judge's order did not dismiss Dr. Cohan's cause of action, he
9  was not under an obligation to consider willfulness, fault, or bad faith.

10      The discretion whether to impose Rule 37(c)(1) sanctions is given wide latitude.  *Id.*
11 Dr. Cohan has not shown that the Magistrate Judge clearly abused his discretion.  As the
12 Magistrate Judge's order was neither clearly erroneous or contrary to law, Rule 72(a), the
13 Court will deny the objection.  Accordingly,

14      THE COURT **ORDERS** that the Objection to Magistrate Judge's Order Granting
15 Defendants' Motion to Strike (#237) is DENIED.

17 DATED this __16__ day of September, 2015.

                                                   Lloyd D. George
                                                   United States District Judge